Ramphrey *v.* Ramphrey

No. 42194          February 19, 1962          137 So. 2d 906

*Fountain D. Dawson,* Greenville, for appellant.

*Howard Dyer, Jr.,* Greenville, for appellee.

McGehee, C. J.

The appellant, George Ramphrey, Jr., and the appellee, Mrs. Neva Ramphrey, were married on April 27,

1947, in Washington County, Mississippi. They lived together pursuant to the said marriage for a period of more than eleven years and there were two children born of this marriage. Finally the appellee filed suit for an obtained a divorce from the appellant on the ground of habitual cruel and inhuman treatment, was awarded the custody of the two children and an allowance of $100 per month or $50 for each of the said children per month.

It later developed that the appellee obtained a divorce from her former husband, Leroy Jackson, on June 23, 1947. The proof discloses that Leroy Jackson was living in the State of California at the time Neva obtained her divorce from him in the State of Arkansas under the "quickie" divorce laws of that state.

Neva later cited the appellant for contempt of court in failing to meet the payments of alimony for the support of their two children. However the chancellor found and adjudicated that George was not in contempt of the court. Later he filed a petition to set aside the decree of divorce which had been granted to the appellee and to cancel the decree for the payment of alimony for the support of the two children, and wherein the decree also awarded the custody of the children to the appellee.

The trial court denied the relief sought by this petition and the husband appeals. The theory of his petition was that he was not legally married to the appellee on April 27, 1947, since she had not at that time been divorced from her former husband, Leroy Jackson, but obtained the divorce in Arkansas after her marriage to the appellant.

■■■ The presumption of the validity of a subsequent or last marriage is one of the strongest presumptions known to the law. It was, therefore, incumbent upon George Ramphrey, the petitioner seeking to set aside the decree of divorce from the appellee, to show that Leroy Jackson had not obtained a divorce in the State

of California prior to the marriage of the appellee to the appellant or that Leroy Jackson was not living at the time of the appellant's marriage to the appellee. The appellant frankly admitted that he had never seen Leroy Jackson and that he did not know whether he was dead or that if living, he had not obtained a divorce from the appellee at the time of the marriage of the appellant and the appellee on April 27, 1947. Therefore the decree appealed from must be and the same is hereby affirmed.

Affirmed.

*Kyle, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.